UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-cr-80143-ROSENBERG

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER PHILIP DILEO,

        Defendant.

_____/

**SENTENCING MEMORANDUM**

    Defendant, Mr. Christopher Dileo, by and through undersigned counsel, respectfully files the following sentencing memorandum as requested by the Court. Mr. Dileo is eligible for a sentence reduction pursuant to section 404 of the First Step Act of 2018. Based on the following, this Court should exercise its discretion under section 404 and grant Mr. Dileo a sentence reduction.

    On April 12, 2006, Mr. Dileo entered a plea of guilty to: count two of the indictment which charged him with possession with intent to distribute five grams or more of crack cocaine; count four which charged him with possession of a firearm by convicted felon; and count five which charged him with carrying a firearm in connection with a drug trafficking offense. (DE 24,25). On July 6, 2006, Judge Hurley sentenced Mr. Dileo to 151 months as to count two, a concurrent sentence of 120 months as to count four and a consecutive sentence of sixty months as to count five, for a total sentence of 211 months. (DE 29).

Judge Hurley determined that Mr. Dileo's offense level was an offense level 34 and criminal history of VI which corresponds to a sentencing range of 262 to 327 months. However, a mental health expert testified at sentencing regarding Mr. Dileo's bi-polar disorder and substance abuse. Judge Hurley determined that Mr. Dileo's mental illness contributed to his crimes and Judge Hurley granted a five-level downward departure under U.S.S.G. § 5G2.13, diminished capacity, to an offense level 29, which resulted in a sentencing range of 151 to 188. Judge Hurley then imposed a sentence at the low end of the range, 151 as to Count two, the crack cocaine offense. The Court also imposed a concurrent sentence of 120 as to Count Four and Count Five required a consecutive 60-month sentence, for a total final sentence of 211 months. (DE 29).

Mr. Dileo has been in federal custody since August 19, 2005. In addition, the Federal Bureau of Prisons lists Mr. Dileo with a release date of January 20, 2021. Thus, even an immediate release would amount to no more than about a 10% reduction in Mr. Dileo's total federal sentence of 211 months.

**Sentencing Factors**

Federal law mandates that the sentencing court "shall impose a sentence **sufficient, but not greater than necessary**," and further mandates that the sentencing court, "in determining the particular sentence to be imposed, **shall consider** –

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)    the need for the sentence imposed –

2

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1),(2) (emphasis added).

**History and Characteristics of Defendant**. To begin with, the history and characteristics of Mr. Dileo support a sentence reduction just as they did at Mr. Dileo's initial sentencing. At that initial sentencing hearing, Dr. Stephen Alexander, a licensed psychologist, testified on behalf of Mr. Dileo. (DE 41:11). Dr. Alexander testified that Mr. Dileo had been treated by Dr. Agresty, the Chief of Psychiatry at Columbia Hospital. (DE 41:16). Dr. Alexander testified that, based on a review of Dr. Agresty's records, Dr. Agresty diagnosed Mr. Dileo "with bipolar disorder that had manic and depressive features." *Id*. When Mr. Dileo was hospitalized and evaluated, "he was suffering from bipolar disorder with a severe depressive episode, the equivalent of a major depression." *Id*. at 16, 17. Dr. Alexander testified that "according to Dr. Agresty's notes, Mr. Dileo was suicidal upon admission to Columbia because of the depth of the depression." *Id*. at 17. Dr. Alexander also testified that "Mr. Dileo's illness had gone largely untreated throughout his lifetime." *Id*.

Dr. Alexander testified that, in his professional opinion, Mr. Dileo's drug usage was materially affected by his mental illness. (DE 41:23). Dr. Alexander testified that when Mr. Dileo discovered cocaine and used it to self-medicate his deep

depression, "he became psychologically and rapidly psychologically addicted and remains so that way." *Id*. at 24.  However, Dr. Alexander also testified that he concurred in the conclusion of the other mental health expert who had examined Mr. Dileo that Mr. Dileo would no longer pose a threat to himself or others if he was properly treated and medicated.  *Id*.  Dr. Alexander testified that when Mr. Dileo committed the offense of conviction and the prior criminal offenses, Mr. Dileo was "suffering from a significantly reduced mental capacity." *Id*. at 25.

Following the testimony and argument, Judge Hurley made the following determination:

> Based on the testimony and evidence presented, it is clear and I think beyond dispute that Mr. Dileo suffers from a psychological disorder, perhaps a mental illness, bipolar condition.  It is a very serious condition as Dr. Alexander testified because it is not curable, it is simply manageable, and does require that someone first appreciate that and take appropriate steps to deal with that condition.

(DE 41:44).  Judge Hurley then concluded that "the defendant has established by a preponderance of the evidence that he is entitled to a downward departure under section 5K2.13." *Id*. at 47.  The prosecutor also noted that following his arrest, Mr. Dileo did "everything humanly possible to try to cooperate and told us everything he knows, but through no fault of either himself or I would say the Government agents investigating that information we haven't been able to make the case." *Id*. at 55.  The government was thus not able to request a reduction for substantial assistance.

Again, Judge Hurley determined that Mr. Dileo had a diminished mental capacity that "substantially contributed to his criminal activity."  *Id*. at 56.

4

Accordingly, Judge Hurley granted a downward departure, under § 5K2.13, of five offense levels from a level 34 to a level 29. *Id.* at 57, 58.

In addition, Mr. Dileo, as Judge Hurley hoped, has complied with all the requirements of treatment while imprisoned. He will also continue to comply with those requirements while on supervised release.

**Nature and Seriousness of the Offense.** While the specific facts of Mr. Dileo's case have not changed, the nature and seriousness of his offense have changed. Aside from other factors not present here, the severity of drug offenses are generally gauged by the amount of drugs involved. And with regard to crack offenses and their severity based on the amount of crack, the Fair Sentencing Act of 2010 was a clear admission from Congress that the severity of crack cocaine offenses had been overrepresented.

At the time of Mr. Dileo's original sentencing, his offense was one that carried a possible forty-year sentence. Applying the Fair Sentencing Act of 2010 to his offense leaves him with an offense that has a twenty-year maximum, half as severe as seen in his initial sentencing. The change in the severity of the offense means that you also do not need as severe a final sentence in order for the sentence to "reflect the severity of the offense" as require by § 3553(a).

In sum, the characteristics of Mr. Dileo, including his mental health and the amount of time he has already served, and the lessened severity of his offense as evidenced by the passing of the Fair Sentencing Act of 2010, weigh heavily in favor of granting Mr. Dileo a sentence reduction.

### Guidelines Calculation Includes a Departure Under § 5K2.13

One of the key factors in determining the appropriate reduction in sentence is the fact that Judge Hurley reduced the offense level based on a departure under § 5K2.13 instead of a variance. That difference is crucial because a departure is part of the Sentencing Guidelines calculation that remains unchanged similar to the three-level reduction for acceptance of responsibility. Any changes to the offense level based on the application of First Step Act must also include the five-level departure that Judge Hurley made part of the Sentencing Guidelines calculation under § 5K2.13.

As previously argued by Mr. Dileo, application of the Fair Sentencing Act of 2010, as authorized by section 404 of the First Step Act, has the effect in Mr. Dileo's case of reducing the starting offense level. Mr. Dileo was deemed a career offender. At this initial sentencing, his offense carried a maximum sentence of forty years, and thus a career offender level of 34. U.S.S.G. § 4B1.1. The five-level departure brought that down to an offense level or 29. (DE 41:57-58). With a criminal history category of VI that resulted in a sentencing range of 151-188. Judge Hurley imposed a sentence at the low end of that range, 151 months, as to Count Two. Count Four had a concurrent sentence of 120 months. The mandatory consecutive 60 month sentence as to Count Five made his final sentence 211.

Now, application of the Fair Sentencing Act of 2010 to Mr. Dileo's offense brings the statutory maximum to twenty years. 21 U.S.C. § 841(b)(1)(C). That in turn, reduces the starting offense level under the career offender provision to 32. A

five-level departure under §5K2.13 further reduces it to a level 27. An offense level 27 and a criminal history category of VI results in a sentencing range of 130-162. A sentence at the low end of that range, 130 months, plus the 60 month mandatory consecutive sentence results in a total sentence of 190 months.

Again, Mr. Dileo has been in federal custody since August 19, 2005. In addition, the Federal Bureau of Prisons lists Mr. Dileo with a release date of January 20, 2021. He has thus served 166 months of his sentence, and with gain time, he only has to serve approximately 19 more months. A sentence reduction to a sentence of 190 months would be a 21-month reduction and essentially allow for Mr. Dileo's immediate release. A sentence under § 841(b)(1)(C) would also reduce the minimum time for supervised release to three years. Mr. Dileo would thus respectfully request a sentence reduction to a sentence of 130 months as to Count Two and a supervised release term of three years. In the alternative, Mr. Dileo would respectfully request a sentence of time served. Mr. Dileo would also respectfully request a reduction in his term of supervised release to three years.

.

## **Conclusion**

Section 404 of the FSA 2018 grants the district courts broad discretion to reduce sentences imposed under the excessively-harsh penalty structure that Congress has now renounced. Mr. Dileo is eligible for such a reduction, and he respectfully asks that the Court reduce his crack-cocaine sentence from 151 months to 130 months. In the alternative, Mr. Dileo would respectfully request a reduction to a sentence of time served. In addition, Mr. Dileo would request a reduction in the term of supervised release to three years.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:  *s/Bernardo Lopez*
Bernardo Lopez
Assistant Federal Public Defender
Florida Bar No. 884995
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: (954) 356-7436
Fax: (954) 356-7556
E-Mail:Bernardo_Lopez@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 19, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            */s/Bernardo Lopez*
                                             Bernardo Lopez