# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 9:05-cr-80143-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER PHILIP DILEO,

    Defendant.

                                           /

## ORDER DENYING DEFENDANT'S MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

This cause comes before the Court on Defendant Christopher Dileo's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [DE 50]. The Court has considered Defendant's Motion, the Government's Response in Opposition thereto [DE 54], Defendant's Reply [DE 55], Defendant's Notices of Supplemental Authority [DE 56 and 57], and Defendant's Sentencing Memorandum [DE 60].

In April 2006, Defendant pled guilty to charges of possession with the intent to distribute at least five grams of a substance containing cocaine base ("the drug-possession offense"), possession of a firearm by a convicted felon ("the firearm offense"), and carrying a firearm in connection with drug-trafficking activity ("the § 924(c) offense"). DE 24. Defendant was sentenced in July 2006. DE 28. The Court determined that he was a career offender. PSI ¶ 20. Under the law in effect at that time, for the drug-possession offense, Defendant was subject to a statutory sentence of 5 to 40 years' imprisonment based on a drug quantity of at least 5 grams and

was further subject to at least 4 years' supervised release. *See* 21 U.S.C. § 841(b)(1)(B) (2004); PSI ¶ 63, 65.

Due to the 40-year statutory maximum sentence for the drug-possession offense, Defendant had an offense level of 34. *See* U.S.S.G. § 4B1.1(b)(2). His total offense level was 31 after a 3-level reduction for acceptance of responsibility, and his criminal history category was VI, resulting in a preliminary guideline range of 188 to 235 months. *See* U.S.S.G. § 4B1.1(b); PSI ¶¶ 21-22, 39. Sixty months were added to this guideline range due to the mandatory, consecutive 5-year sentence for the § 924(c) offense, resulting in a range of 248 to 295 months. *See* 18 U.S.C. § 924(c)(1)(A); U.S.S.G. § 4B1.1(c)(2)(A). Because that range was less than the applicable guideline range in the table at U.S.S.G. § 4B1.1(c)(3), the range in the table controlled. *See* U.S.S.G. § 4B1.1(c)(2) (requiring the guideline range for a career-offender defendant convicted of multiple counts, including a § 924(c) offense, to be the greater of (1) the calculated range with the mandatory, consecutive sentence added; and (2) the range in the table at § 4B1.1(c)(3)). Thus, Defendant's final guideline range was 262 to 327 months. *See* U.S.S.G. § 4B1.1(c)(3); PSI ¶ 64.[1]

The sentencing Court granted Defendant a downward departure under U.S.S.G. § 5K2.13 due to a diminished mental capacity. DE 41 at 44-47. The Court assigned him a guideline range of 151 to 188 months or, with the mandatory, consecutive 5-year sentence for the § 924(c) offense added, a guideline range of 211 to 248 months. *Id.* at 58. The Court imposed a 151-month sentence for the drug-possession offense, a concurrent 120-month sentence for the firearm offense, and a consecutive 60-month sentence for the § 924(c) offense, resulting in a total term of imprisonment

---

[1] As the PSI notes, this guideline range corresponds to an offense level of 34 and a criminal history category of VI. PSI ¶¶ 20-23, 39, 64.

of 211 months. DE 29. The Court also imposed a five-year term of supervised release and did not impose a fine. *Id.*

These calculations are summarized in the following chart:

|  | § 4B1.1(b) and § 4B1.1(c)(2)(A) | § 4B1.1(c)(2)(B), (3) table | Sentence Given with Departure |
|---|---|---|---|
| **Offense Level:** | 31 (34, for a statutory maximum of 25 years or more but less than life, minus 3, for acceptance of responsibility) |  |  |
| **Criminal History:** | VI |  |  |
| **Guideline Range:** | 188 - 235 months |  | 151 – 188 months |
|  | + 60 months (for the § 924(c) offense) |  | + 60 months (for the § 924(c) offense) |
| **Final Range:** | 248 – 295 months | 262 – 327 months (with acceptance of responsibility). This greater range controls. | 211 – 248 months |
| **Sentence Imposed:** |  |  | 211 months (151 + 60); 5 years' supervised release; no fine |

Congress subsequently passed the Fair Sentencing Act of 2010 to reduce the disparity in the treatment of cocaine base and powder cocaine offenses. *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013); *see* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base that are required to be sentenced under 21 U.S.C. § 841(b)(1)(A) and (B)). The Fair Sentencing Act, however, did not apply retroactively until Congress passed the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* A court is not required to

3

reduce a sentence under § 404. *Id.* Moreover, a sentence may not be reduced if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant made a previous motion for a sentence reduction under § 404 of the First Step Act that was denied on the merits. *Id.*

Relevant to this case, the Fair Sentencing Act increased the drug quantity needed to be sentenced under 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams of a substance containing cocaine base. *See* Pub. L. No. 111-220, 124 Stat. 2372. A defendant being sentence for less than 5 grams of cocaine base is subject to not more than 20 years' imprisonment and to at least 3 years' supervised release. 21 U.S.C. § 841(b)(1)(C).

This revised statutory sentence does not, however, change Defendant's guideline range, which continues to be controlled by the range in the table at U.S.S.G. § 4B1.1(c)(3). The calculations using the revised statutory sentence are summarized in the following chart:

|  | § 4B1.1(b) and § 4B1.1(c)(2)(A) | § 4B1.1(c)(2)(B), (3) table | Sentence Given with Departure |
|---|---|---|---|
| **Offense Level:** | 29 (32, for a statutory maximum of at least 20 years but less than 25 years, minus 3, for acceptance of responsibility) | | |
| **Criminal History:** | VI | | |
| **Guideline Range:** | 151 - 188 months | | 151 – 188 months |
| | + 60 months (for the § 924(c) offense) | | + 60 months (for the § 924(c) offense) |
| **Final Range:** | 211 – 248 months | 262 – 327 months (with acceptance of responsibility). This greater range controls. | 211 – 248 months |
| **Sentence Imposed:** | | | 211 months (151 + 60); 5 years' supervised release; no fine |

4

While Defendant was sentenced for an offense covered by the Fair Sentencing Act and the First Step Act, a sentence reduction is not warranted here. *See* Pub. L. No. 115-391, 132 Stat. 5194 (stating that a court is not required to reduce a sentence under the First Step Act). The Fair Sentencing Act reduced the statutory maximum for Defendant's drug-possession offense from 40 years' imprisonment to 20 years' imprisonment. However, the Court has found no indication in the record that the statutory maximum impacted the sentencing Court's determination as to an appropriate sentence for Defendant, and his 151-month sentence falls well below the 20-year statutory maximum. The sentencing Court did rely on the applicable guideline range in determining an appropriate sentence, and the Fair Sentencing Act did not change that guideline range. The sentencing Court gave Defendant a considerable downward departure from the guideline range.

In addition, the Court takes note of Defendant's significant criminal history as reflected in the presentence investigation report, which includes both violent, drug, and firearm offenses. *See* PSI ¶¶ 25-36. The Court also takes note of Defendant's prison disciplinary record, which includes possession and use of drugs or alcohol and several instances of possession of an unauthorized item. Based on these factors, Defendant's term of imprisonment remains appropriate and his request for a reduction of that term is denied.

Defendant also requests a reduction of his term of supervised release to three years. As a basis for a sentence reduction, however, Defendant cites to evidence that he does not pose a threat to himself or others due to his mental illness if he is properly treated and medicated. He maintains that he has complied with his treatment requirements while imprisoned and that he will continue to do so while on supervised release. *See* DE 60. The imposed term of supervised release is appropriate to ensure Defendant's continued compliance with his treatment and his success after

his extended prison sentence. His request for a reduction of the term of his supervised release is denied.

It is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [DE 50] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of July, 2019.

                                                ROBIN L. ROSENBERG
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record